Exhibit A

Plaintiff's Original Petition in the State Court Action
and Service documents for Harris County

Harris County - County Civil Court at Law No. 2

9/4/2025 12:10 AM
Teneshia Hudspeth
County Clerk
Harris County

1259060

CASE NO._____

| | | |
|---|---|---|
| **DAVID WALTERS,** | § | **IN THE CIVIL COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **AT LAW _____** |
| | § | |
| **HARRIS COUNTY, TEXAS, TYLERE** | § | |
| **JACKSON, et al.,** | § | **HARRIS COUNTY, TEXAS** |
| *Defendants.* | § | |

## ORIGINAL PETITION

TO THE JUDGE OF THIS HONORABLE COURT:

David Walters, a law-abiding citizen in his fifties, maintained an impeccable record of legal compliance, underscoring his deep commitment to the principles of civil order and the foundational norms of American jurisprudence. Except for a dated misdemeanor tied to a long-resolved personal dispute, Mr. Walters had no meaningful interaction with the criminal justice system. He lived quietly, worked diligently, and consistently demonstrated respect for legal authority. His lifestyle reflected a conscientious effort to remain outside the purview of law enforcement and judicial scrutiny.

This self-imposed rectitude was driven by a belief in the bedrock promise of the Constitution that no citizen would be deprived of liberty without credible evidence and the observance of due process. That belief was abruptly and thoroughly shattered when Mr. Walters was subjected to a prosecutorial overreach that lacked factual basis and disregarded constitutional constraints.

## PARTIES

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**A Certified Copy - Page 1 of 36**
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy

 CON:2316310|35776032



1. PLAINTIFF, DAVID WALTERS, PO Box 27353, Houston, Texas 77227

2. DEFENDANT, TYLERE JACKSON, at all times was acting under the color of state law. He is sued in his individual capacity for liability, for liability, punitive and compensatory damages. He was served with process and has appeared..

3. DEFENDANT, SHERIFF ED GONZALEZ ("Sheriff Gonzalez"), at all times was acting under the color of state law and as the leader, agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. Sheriff Gonzalez is an individual who may be served with process at Defendant's place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Sheriff Ed Gonzalez may be found.

4. DEFENDANT, HARRIS COUNTY, TEXAS, for actions related to the actions of Harris County Sheriff's Office, ("HCSO"), a municipality in Texas. Harris County is a "person" under 42 U.S.C. §1983 and at all times relevant to this case, acted under the color of state law. Harris County may be served with the process by serving the Honorable Judge Lina Hildalgo, county judge of Harris County by personal delivery at Harris County, 1001 Preston St, Houston, Texas 77002, or wherever Judge Lina Hidalgo/Harris County may be found.

### JURISDICTION AND VENUE

1. This Court has Supplemental jurisdiction over Plaintiffs' federal law claims subject matter jurisdiction for federal law, including 42 U.S.C. § 1983. The Court also has jurisdiction to enforce civil rights.

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 2 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le                    **Deputy**


CON:2316310|35776032



## FACTS

On July 15, 2024, Mr. Walters was unexpectedly approached by law enforcement officers and arrested on a charge of aggravated assault with a deadly weapon, a second-degree felony under Texas law. The accusation arose absent any preliminary inquiry, confrontation, or incident of which Mr. Walters was aware. The arrest appeared wholly untethered from any sequence of events suggesting criminal culpability.

What followed was even more astonishing. The arresting officer candidly acknowledged the prosecutorial impetus behind the arrest, stating:

> "Look, I just got off the phone with the DA. I know we don't have any evidence. I know we don't have any witnesses. But the DA feels like she has a case, so she wants us to go ahead and take you in."

This admission underscores a gross departure from constitutionally mandated standards. The arrest was not supported by probable cause. Instead, it was orchestrated on the basis of prosecutorial speculation. Such a detention, devoid of investigative rigor or factual substantiation, constitutes a direct violation of the Fourth Amendment's protection against unreasonable seizures and the Fourteenth Amendment's guarantee of due process.

Subsequent inquiry revealed that the only complaining witness was Officer Tyler E. Jackson, a peace officer employed by Harris County. Jackson had no known relationship to any purported victim and was responding to a civilian-initiated complaint who they ran into

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 3 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy


CON:2316310|35776032



and did not go through the proper protocols. Rather, he unilaterally assumed the roles of intake officer, investigator, DA, proxy complainant and warrant executing judge.

Jackson, formerly a detention officer, lacked an objective evidentiary basis for initiating a felony-level prosecution. His claim, that Walters made a terroristic threat while brandishing a deadly weapon,  supported a non-crediable third-party account, no physical evidence, or forensic data. No weapon was ever banished. No bystander corroborated the claim. The prosecution was built entirely upon Jackson's unverified account.

Equally troubling, the case bypassed the judicial process, a fundamental safeguard in felony proceedings. The District Attorney's Office filed charges directly, effectively circumventing the independent review designed to protect against unjustified prosecutions and securing a warrant.

Despite the absence of credible evidence, Mr. Walters was subjected to restrictive pretrial conditions usually reserved for dangerous offenders.

These measures, imposed without judicial scrutiny or evidentiary support, inflicted immediate and long-lasting harm. Walters lost his job due to the pending felony charge, plunging him into financial instability. The stigma of criminal accusation, despite its lack of factual 987493 tangible and irreversible consequences.

Eventually, the District Attorney's Office dismissed the case for lack of evidence. No indictment was ever sought. But the institutional damage to Mr. Walters had already

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 4 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy      CON:2316310|35776032



occurred, he lost income, he experienced significant emotional distress, and his reputation was permanently marred.

Dismissal, while necessary, did not undo the social, financial, and psychological damage inflicted. The arrest record, despite the dismissal, remains accessible to employers and public agencies, perpetuating the stigma of criminality.

Mr. Walters' ordeal illustrates a broader pattern of systemic misconduct in Harris County. Officers are empowered to initiate criminal proceedings based on their own uncorroborated assertions, without meaningful oversight or evidentiary review. This delegation of unchecked discretion undermines public confidence and invites abuse.

The absence of robust auditing mechanisms, the failure to enforce evidentiary thresholds, and the lack of prosecutorial restraint have created an ecosystem where constitutional rights are routinely subordinated to bureaucratic expediency. Walters' experience is not an anomaly but a foreseeable consequence of these institutional deficiencies.

The deprivation of David Walters' liberty and the cascade of harms that followed were not the result of isolated misconduct but rather the culmination of systemic failure. This case demands not only redress for Walters but a broader reckoning with the policies and practices that enabled such a miscarriage of justice.

### CLAIMS

### COUNT ONE

**Violation of the Fourth Amendment-42 U.S.C. § 1983 – Unlawful Seizure**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**A Certified Copy - Page 5 of 36**
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

Jonny Le _____ **Deputy**

CON:2316310|35776032



Defendants deprived Plaintiff of his constitutional right to be free from unreasonable searches and seizures by arresting and detaining him without probable cause. The arrest was executed on the basis of an uncorroborated and facially implausible accusation by a law enforcement officer, unsupported by credible evidence. This conduct constitutes an unreasonable seizure in violation of the Fourth Amendment.

## COUNT TWO

### Violation of the Fourteenth Amendment-42 U.S.C. § 1983 – Due Process

Plaintiff was deprived of his liberty interests, employment, and reputation through a legal process that was fundamentally unfair and devoid of basic procedural protections. Defendants acted with deliberate indifference to Plaintiff's due process rights by pursuing criminal charges without sufficient evidentiary foundation or lawful justification.

## COUNT THREE

### Malicious Prosecution-Federal and State Law

Defendants initiated and maintained a criminal prosecution against Plaintiff without probable cause and with malice, as demonstrated by their knowledge of the absence of evidence and their decision to proceed regardless. The prosecution terminated in Plaintiff's favor when the charges were dismissed.

## COUNT FOUR

### Malicious Prosecution and False Imprisonment State Law

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 6 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy     CON:2316310J35776032



Plaintiff was arrested, detained, and subjected to pretrial restrictions without lawful justification or probable cause. These actions directly resulted in loss of liberty, emotional distress, and reputational harm.

### COUNT FIVE:

### Monell Liability Against Harris County-42 U.S.C. § 1983

The constitutional violations suffered by Plaintiff were the direct result of official policies, practices, or customs maintained by Harris County, including but not limited to allowing officer-initiated charges without oversight; failing to enforce probable cause requirements; and permitting prosecutors to proceed with charges unsupported by evidence. Harris County was deliberately indifferent to the known risk that such policies would lead to unlawful arrests and detentions. Tylere Jackson has a history of going unpunished or disciplined for their unlawful actions. For example:

1.   July May 2023 ROYSTER, TREYLON   was arrested by TYLERE JACKSON for FAIL TO identify TO police DEPUTY JACKSON also acted as the complaining witness. The case was dismissed by the Judge because there was no probable cause.

2.   On May 18, 2024    MCKINNEY, ANTHONY was arrested by TYLERE JACKSON for fleeing/ attempting to elude police DEPUTY JACKSON also acted as the complaining witness. The case was dismissed by the Judge because there was no probable cause.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 7 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy



CON-2316310|35776032

3.      On 11/8, 2023 JOHNSON, JOHVONTE was arrested by TYLERE JACKSON for fleeing/ attempting to elude police DEPUTY JACKSON also acted as the complaining witness. The case was dismissed by the Judge because there was no probable cause.

4.      On 9/2July 2024 GARCIA, MONICA was arrested by TYLERE JACKSON for fleeing/ attempting to elude police DEPUTY JACKSON also acted as the complaining witness. The case was dismissed by the Judge because there was no probable cause.

5.      On August 24, 2024 BRANCH, DONALD was arrested by TYLERE JACKSON for fleeing/ attempting to elude police DEPUTY JACKSON also acted as the complaining witness. The case was dismissed by the Judge because there was no probable cause.

6.      On ARRIAGA, GABRIELA was arrested by TYLERE JACKSON for fleeing/ attempting to elude police DEPUTY JACKSON also acted as the complaining witness. The case was dismissed by the Judge because there was no probable cause.

7.      On January 26, 2024 BELL, BILLY JACK was arrested by TYLERE JACKSON for fleeing/ attempting to elude police officer DEPUTY JACKSON also acted as the complaining witness. The case was dismissed by the Judge because there was no probable cause.

8.      These unlawful actions by TYLERE JACKSON occurred prior to David Walter's arrest and had Sheriff Gonzalez or Harris County addressed his actions the Plaintiffs would not have been unlawfully detained or arrested out of concern they would again face discipline or have to go back to training.

9.      Although the above data set is limited, reflecting actions by only one deputy, or of the approximately 2,500 sworn officers in Harris County between 2019 and 2023, there are many

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 8 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

**Deputy**          CON:2316310J35776032

other cases involving arrest for crimes where officers act as the complaining witnesses that are dismissed for lack of probable cause.

10.     There are a significant number that are wholly preventable violations with responses after the first violations with additional training, retraining, or disciplining officers for intentional unlawful arrests.

11.     There are additional examples of other deputies who have engaged in unlawful practices of arrest without probable cause and unlawful use of force and could have served as disciplinary examples of arresting individuals in violation of the HCSO policies and the constitution will not be met with deliberate indifference.

   12. Additional examples include:


   13. On May 4, 2022, GERMAN, GADDIEL GAREB was arrested by Christian Villanueva for interfering with duties of a public servant. Christian Villanueva also acted as the complaining witness. On 11/1July 2022, the case was dismissed because the Judge found no probable cause.

   14. On July 12, 2023, FORD, KENNETH W was arrested by Christian Villanueva for assault of a peace officer. Christian Villanueva also acted as the complaining witness. On July 12, 2023, the case was dismissed because the prosecutor determined there was no evidence of guilt.

   15. On  December 28, 2024, GALCIA, ADOLFO was arrested by Christian Villanueva for Evading Arrest/Detention. Christian Villanueva also acted as the complaining witness.

A Certified Copy - Page 9 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ **Deputy**    CON:2316310|35776032



On December 29, 2024, the case was dismissed because the Judge found no probable cause.

16. On February 9, 2024, FRAUSTO, DAVID was arrested by Christian Villanueva Evading Arrest. Christian Villanueva also acted as the complaining witness. On February 22, 2024, the case was dismissed because the Judge found no probable cause.

17. On March 19, 2019, MCCADAMS, MELVIN was arrested for evading arrest/detention by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

18. On February 19, 2021, LAZARD, QUINTON was arrested for interfering with duties of a public servant by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

19. On March 7, 2021, GUTIERREZ, PRISCILLA was arrested for interfering with duties of a public servant by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

20. On March 11, 2022, HERNANDEZ-JUAREZ, ANGEL was arrested for failing to identify to police officer false information by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 10 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ **Deputy**

 CON 2316310|35776032



21. On February 12, 2022, LEE, ELIJAH M was arrested for interfering with duties of a public servant by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

22. On September 5, 2020, MARTINEZ, ASHLEY was arrested for evading arrest/detention with a vehicle by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

23. On April 21, 2020, BOOKER, JEREMIAH was arrested for interfering with duties of a public servant by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

24. On August 28, 2020, RINCHIUSO, FRANCIS was arrested for interfering with duties of a public servant by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

25. On February 26, 2021, LOVELY, JAIONDRICK was arrested for interfering with duties of a public servant by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

26. On November 11, 2022, PARKS, JOSEPH was arrested for failing to identify to police officer false information by Deputy Christopher Bolin. Christopher Bolin also acted as

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 11 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy

 CON:2316310|35776032



the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

27. On January 15, 2022, MILLIGAN, ASHLYN was arrested for resisting arrest-search by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

28. On October 14, 2020, SCOTT, BRANDON was arrested for evading arrest/detention with a vehicle by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based because it cannot be proven beyond a reasonable doubt, which would have resulted in an acquittal at trial..

29. On December 5, 2022, MAYES, JOLANIE was arrested for evading arrest/detention with a vehicle by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

30. On April 7, 2023, PALUMBO, SETH was arrested for assault of a peace officer by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest, this case.

31. On April 7, 2023, WILLIS, KRISTOPHER was arrested for obstruction of a roadway by Deputy Christopher Bolin. Christopher Bolin also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest, this case.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 12 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ **Deputy**

 CON:2316310J35776032



32. On February 24, 2021, RHEM, JOCEE JADA LEE was arrested for evading arrest/detention by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

33. On May 10, 2022, THEUS, PATRICK BERNARD was arrested for failing to identify to police officer false information by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

34. On December 2, 2022, LUTHI, KAITLYN was arrested for evading arrest/detention by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

35. On April 29, 2021, MORENO, DAVID VICTOR was arrested for failing to identify to police officer false information by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

36. On AUGUST 22, 2021, STEVENSON, RAYQUAN COUVISIA KURTI was arrested for evading arrest/detention by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

37. On AUGUST 19, 2021, REED, WILBERT DIONDRE was arrested for evading arrest/detention with vehicle by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 13 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy  
CON.2316310|35776032

38. On April 13, 2023, BENNETT, CHAKRIS LEE was arrested for resisting arrest-search by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

39. On February 8, 2023, BOLT, MARCUS TYRONE was arrested for evading arrest/detention by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

40. On April 5, 2023, RADLOFF, ERIC NORMAN was arrested for evading arrest/detention by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

41. On September 11, 2023, BROWN., COREY LAMOND was arrested for failing to identify to police officer false information by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

42. On February 23, 2024, JONES, PHILLIP was arrested for evading arrest/detention by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

43. On October 1, 2024, VAUGHNER, DAMONE TERRELL was arrested for evading arrest/detention by Deputy Shane Wyrick. Shane Wyrick also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

44. On November 19, 2019, COSME, EDWIN was arrested for assault of a peace officer by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness..

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 14 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le                    **Deputy**

 CON:2316310|35776032



The case was dismissed based because it cannot be proven beyond a reasonable doubt, which would have resulted in an acquittal at trial.

45. On December 14, 2020, FLORES, ERNESTO JR was arrested for assault of peace officer by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

46. On May 23, 2020, SHARP, HENRY was arrested for evading arrest/detention with a vehicle by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based because it cannot be proven beyond a reasonable doubt, which would have resulted in an acquittal at trial.

47. On May 7, 2021, DUGAR, JAVONTRE was arrested for evading arrest/detention by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

48. On April 10, 2021, ANTUNEZ, EDGARDO was arrested for evading arrest/detention with a vehicle by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

49. On April 11, 2021, ANTUNEZ, EDGARDO was arrested for fleeing/ attempting to elude police officers by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

50. On July 2, 2021, MENENDEZ, FRANKLIN was arrested for failing to identify to police officers false information by Deputy Anthony Macias. Anthony Macias also

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 15 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ **Deputy**

 CON:2316310|35776032



acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

51. On October 10, 2021, BROWN, BRITTANIE was arrested for ATT assault of a peace officer by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

52. On JANUARY 21 , 2022, ABREGO ROMERO, MARCOS was arrested for evading arrest/detention with vehicle by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based because it cannot be proven beyond a reasonable doubt, which would have resulted in an acquittal at trial.

53. On January 27, 2022, AZIZ, AMAD was arrested for evading arrest/detention by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

54. On February 27, 2022, HAWTHORNE, ARRYON was arrested for failing to identify to police officers false information by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

55. On August 19, 2022, THOMPSON, MARQUIS was arrested for evading arrest/detention by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 16 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas

Jonny Le

_____ Deputy




CON.2316310|35776032

56. On September 30, 2022, EDWARDS, THADDEAUS was arrested for failing to identify to police officer false information by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

57. On November 11, 2022, MONTOYA, RAEDYN was arrested for evading arrest/detention by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

58. On July 14, 2023, FELIX, KEANDRE was arrested for failing to identify to police officers false information by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

59. On June 11, 2023, BRANTLEY, KENDRICK was arrested for failing to identify to police officer-Fugitive by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

60. On March 1, 2023, BROWN, MARCUS was arrested for evading arrest/detention with a vehicle by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

61. On April 12, 2023, GREEN, LOGAN was arrested for interfering with duties of a public servant by Deputy Anthony Macias. Anthony Macias also acted as the

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 17 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

**Deputy**

 CON:2316310|35776032



complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

62. On March 8, 2024, JONES, ANTHONY was arrested for failing to identify to police officer-Fugitive by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

63. On March 24, 2023, WILDER, OBIE was arrested for interfering with duties of a public servant by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

64. On May 2, 2024, FORD JR., ANTHONY JAMES was arrested for evading arrest/detention by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

65. On May 23, 2024, GAUDIELLO, DAVidentify was arrested for evading arrest/detention by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

66. On September 19, 2024, NICHOLS, COREY was arrested for interfering with duties of a public servant by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 18 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas

Jonny Le

_____ Deputy    CON:2316310|35776032

67. On November 7, 2024, SISTO, SUNNY was arrested for evading arrest/detention by Deputy Anthony Macias. Anthony Macias also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

68. On July 18, 2021, PERKINS, TAQUERIA was arrested for interfering with duties of a public servant by Deputy Jonathan Gonzalez. Jonathan Gonzalez also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

69. On December 30, 2021, BELL, CHASITY NICOLE was arrested for interfering with duties of a public servant by Deputy Jonathan Gonzalez. Jonathan Gonzalez also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

70. On AUGUST 4, 2023, GARZA, GINO was arrested for evading arrest/detention by Deputy Jonathan Gonzalez. Jonathan Gonzalez also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

71. On April 21, 2021, SCOTT, HORACE was arrested for evading arrest/detention with a vehicle by Deputy Jonathan Gonzalez. Jonathan Gonzalez also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

72. On May 15, 2021, FAISON, BRANDON was arrested for assault of a peace officer by Deputy Jonathan Gonzalez. Jonathan Gonzalez also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 19 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas

Jonny Le

_____ Deputy




CON:2316310|35776032

73. On May 16, 2021, FAISON, BRANDON was arrested for assault of a peace officer by Deputy Jonathan Gonzalez. Jonathan Gonzalez also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

74. On April 2, 2021, PRICE, ROKEISHA ROSHA was arrested for failing to identify to police officer false information by Deputy Jonathan Gonzalez. Jonathan Gonzalez also acted as the complaining witness. The case was dismissed based because it cannot be proven beyond a reasonable doubt, which would have resulted in an acquittal at trial..

75. On March 5, 2022, HUNTINGTON, DEVAUGHN was arrested for fleeing/attempting to elude police officers by Deputy Jonathan Gonzalez. Jonathan Gonzalez also acted as the complaining witness. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

76. On July 18, 2023, PAUL, TROY was arrested for failing to identify to police officer false information by Deputy Jonathan Gonzalez. Jonathan Gonzalez also acted as the complaining witness. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

77. On July 19, 2023, HOLMAN, QUINDARIUS MARQUIL was arrested for interfering with duties of a public servant by Deputy Martin Garcia. Deputy Martin Garcia also acted as the complaining witness. The case was dismissed based on lack of probable cause for the arrest.

78. On June 27, 2020, BROOKS, LEE was arrested for interfering with duties of a public servant by Deputy Martin Garcia. Deputy Martin Garcia also acted as the complaining

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 20 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ **Deputy**


CON 2316310|35776032



witness. The case was dismissed based because it cannot be proven beyond a reasonable doubt, which would have resulted in an acquittal at trial..

79. On January 25, 2023, HENRY, EMMANUEL SHEPHERD was arrested for evading arrest/detention by Deputy Martin Garcia. Deputy Martin Garcia also acted as the complaining witness. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

80. On April 4, 2024, AGUIAR-MARTINEZ, LUIS A. was arrested for evading arrest/detention with a vehicle by Deputy Martin Garcia. Deputy Martin Garcia also acted as the complaining witness. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

81. On December 12, 2020, TELLO, PABLO OSCAR was arrested for failing to identify to a police officer false information by Deputy AGUIRRE, NOE. The case was dismissed based on lack of probable cause for the arrest.

82. On AUGUST 6, 2019, BENAVIDEZ, MARK ANTHONY was arrested for failing to identify to a police officer false information by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

83. On November 11, 2019, BROWN, JOSEPH was arrested for failing to identify to police officer false information by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 21 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ **Deputy**    CON:2316310|35776032   

84. On March 21, 2020, LOZANO, KARINA was arrested for resisting arrest-search by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

85. On March 28, 2020, CAREY, DUWAN was arrested for interfering with duties of a public servant by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

86. On June 25, 2020, WILLIAMS, JOENIQUE was arrested for interfering with duties of a public servant by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

87. On September 1, 2020, GABLE, TRAVIS was arrested for interfering with duties of a public servant by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

88. On September 1, 2020, GABLE, TRAVIS was arrested for interfering with duties of a public servant by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

89. On October 14, 2020, SIERRA, ALDOLFO was arrested for interfering with duties of a public servant by Deputy BRANCH, BRANDON. Brandon Branch also acted as the

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 22 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas



_____  **Deputy**
Jonny Le

 CON:2316310|35776032



complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

90. On November 2, 2021, WARFORD, KEONDREA was arrested for resisting arrest-search by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

91. On May 10, 2022, FLORES, CLAUDIA was arrested for interfering with duties of a public servant by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

92. On July 22, 2020, DURAN, JULIAN was arrested for resist arr-search by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed in the interest of justice, which would have resulted in an acquittal at trial.

93. On December 28, 2020, DEROUSSELLE, GEOWANDA was arrested for resisting arrest-search by Deputy BRANCH, BRANDON. Brandon Branch also acted as the complaining witness.. The case was dismissed based because it cannot be proven beyond a reasonable doubt, which would have resulted in an acquittal at trial..

94. On February 14, 2023, HUMBLE, SHANTALACE ZIZELLE was arrested for interfering with duties of a public servant by Deputy Carpenter, Steven. Steven Carpenter, also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 23 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy

 
CON.2316310|35776032

95. On June 12, 2023, REID DEONTA SEMAJ was arrested for failing to identify to police officer-Fugitive by Deputy Carpenter, Steven. Steven Carpenter, also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

96. On July 26,2023, NJOKU, JUDE was arrested for interfering with duties of a public servant by Deputy Carpenter, Steven. Steven Carpenter, also acted as the complaining witness.. The case was dismissed based on lack of probable cause for the arrest.

97. On June 19, 2024, RETTA, HECTOR was arrested for failing to identify to police officer false information by Deputy Carpenter, Steven. Steven Carpenter, also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

98. On April 12, 2024, MOORE, CAYDEN MICHAEL was arrested for evading arrest/detention by Deputy Carpenter, Steven. Steven Carpenter, also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

99. On November 7, 2024, MATTHEWS, BRANDON JAMES was arrested for evading arrest/detention by Deputy Carpenter, Steven. Steven Carpenter, also acted as the complaining witness.. The case was dismissed based on insufficient evidence of defendant's guilt, which would have resulted in an acquittal at trial.

100. The following are additional instances of false arrest, arrest made without probable cause and dismissed as a result made by Harris County deputies as a result of allowing such arrest without probable cause and not training or discipline for the false arrest,

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 24 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ **Deputy**


CON:2316310|35776032



and these failures are the moving force behind Walter's unlawful, false arrest resulting in his false imprisonment.

101. On March 7, 2018, Chase Roshad Brooks was falsely arrested by Deputy George Lopez for interference with public duties and on March 9, 2018 magistrate judge found no probable cause.

102. On August 10, 2018,     Nicholas Wayne Alvarez was falsely arrested by Deputy Desmond Spivery for interference with public duties on    April 24, 2019 Judge found no probable cause to believe a crime existed.

103. On August 11, 2018,     Cora Yvonne Shores was falsely arrested by Deputy Roland Rodriguez for failure to identify on August 13, 2018 magistrate judge found no probable cause.

104. On March 7, 2018 Chase Roshad Brooks, was falsely arrested by Deputy George Lopez for interference with public duties on March 9, 2018, the magistrate found no probable cause and the case was dismissed.

105. On April 28, 2018, Maxim Ivshin was falsely arrested by Deputy Stepha Quintanilla for interference with public duties. On April 30, 2018, the magistrate found no probable cause and the case was dismissed.

106. On July 7, 2018, Travis Aaron Shumate was falsely arrested by Deputy Chris Wilkerson for evading arrest as the sole witness. The case was dismissed on July 9, 2018 after the magistrate found no probable cause.

A Certified Copy - Page 25 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____  **Deputy**


CON:2316310J35776032



107.    On July 7, 2018, Denecia Mccutcheon, was falsely arrested by Deputy Jordan Reinert   for evading arrest as the sole witness the case was dismissed on July 9, 2018 magistrate judge found no probable cause.

108.    On July 15, 2018, Miguel Angel Albarran, was falsely arrested by Deputy Richard V Burgess for evading arrest as the sole witness the case was dismissed on July 16, 2018, because the magistrate judge found no probable cause.

109.    On March 6, 2018, Brandon James Milam, was falsely arrested by Deputy Gerardo N Tuerina for failure to identify on July 3, 2018 magistrate judge found no probable cause.

110.    On March 3, 2018, Jamarcus Mcgilbray, was falsely arrested by Deputy Melynda Martinez for interference with public duties on March 9, 2018, the magistrate judge found no probable cause.

111.    On May 8, 2018, Jorge Roque Perez, was falsely arrested by Deputy Stephanie M Rios     for interference with public duties on May 9, 2018, the magistrate judge found no probable cause.

112.    On February 14, 2018, Jorge Monzon, was falsely arrested by Deputy Susan Hernandez for failure to identify on February 15, 2018, the criminal court dismissed the case because no probable cause exists to believe the defendant committed the offense alleged by the arresting officers.

113.    On July 7, 2018, Renoir Donyale Warner, was falsely arrested by Deputy Ruben Gonzalez for evading arrest as the sole witness the case was dismissed on July 9, 2018,

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 26 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le
_____ **Deputy**

 CON:2316310|35776032



the criminal court dismissed the case because no probable cause exists at the time to believe the defendant committed the offense alleged by the arresting officers.

114.    On July 4, 2018, Stephen Aaron Thomas, was falsely arrested by Deputy Andre H Tran for evading arrest as the sole witness the case was dismissed on  July 6, 2018, the criminal court dismissed the case because no probable cause exists at this time to believe the defendant committed the offense alleged by the arresting officers.

115.    On February 7, 2018, Ramiro Ruiz Perez, was falsely arrested by Deputy Manuel Martinez, IV   For failure to identify on February 13, 2018, the criminal court dismissed the case because no probable cause exists to believe the defendant committed the offense by the magistrate.

116.    On May 8, 2018, Derek Hanson, was falsely arrested by Deputy Jose Paiz for interference with public duties on May 9, 2018, the criminal court dismissed the case because no probable cause exists to believe the defendant committed the offense.

117.    On February 17, 2018, Shannill Monique Gipson, was falsely arrested by Deputy Rawltyn Hart for interference with public duties on February 19, 2018, the criminal court dismissed the case because no probable cause exists to believe the defendant committed the offense. probable cause found.

118.    On July 5, 2018,  Yvonne Lee Perez was falsely arrested by Deputy Clinton Nash for failure to identify on July 9, 2018, the criminal court dismissed the case because no probable cause exists to believe the defendant committed the offense by the magistrate.

119.    On April 28, 2018, Israel Alejandro Wing was falsely arrested by Deputy Ronny Keener Jr for interference with public duties on April 30, 2018, the criminal court

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 27 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

Jonny Le

Deputy



CON:2316310|35776032

dismissed the case because no probable cause exists to believe the defendant committed the offense. Probable cause found by magistrate

120.   On March 7, 2018, Katie I. Jacobs was falsely arrested by Deputy Gerardo N Tuerina for failure to identify on July 3, 2018, the criminal court dismissed the case because no probable cause exists to believe the defendant committed the offense. probable cause found by the magistrate judge.

121.   On April 28, 2018, Regina Castillo-Flores, was falsely arrested by Deputy Dakota Ray Pennick for interference with public duties on April 30, 2018, the criminal court dismissed the case because no probable cause exists to believe the defendant committed the offense alleged by the arresting officers, according to the magistrate.

122.   On March 2, 2018, Lillie R Echols was arrested by Deputy Braxton Turner for evading arrest as the sole witness the case was dismissed on March 5, 2018. The criminal court dismissed the case because no probable cause exists to believe the defendant committed the offense alleged by the arresting officers, according to the magistrate.

123.   On March 11, 2018 Deputy Shamanada Harris arrested Keneau Laymond, Christopher Bonner, Akia Laymond for interference with public duties. On March 13, 2018 the case was dismissed because there was no probable cause existed at this time to believe the defendants committed offense.

124.   The failure to investigate, retrain, discipline, or supervise those officers who continued to act as complaining witnesses in arrests after prior false arrest and

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 28 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas

Jonny Le

_____  Deputy

  CON:2316310|35776032

unconstitutional conduct promoted a culture, custom, and practice of unreasonable force and unlawful arrests against citizens.

125.    Again, Sheriff González and Harris County did not take those steps, namely discipline those officers so other officers would be discouraged, including the same officers and others from engaging in unconstitutional conduct, resulting in Plaintiff suffering violations of his rights.

126.    The high rate of dismissals with complaining witnesses as officers show a pattern of overreach or failure to assure that constitutional limits are respected.

127.    These instances underscore the urgent need for broader policies to discipline, train, retrain, audit and reform by Harris County to prevent future violations by its deputies.

128.    Despite these foregoing details of officers' ongoing, pervasive practice of arresting individuals without probable cause, or evidence of guilt acting as complaining witnesses lodging *false complaints* against citizens, Sheriff González and Harris County failed to properly investigate, train, retrain or discipline them. This failure to retrain or sanction the deputies was the direct cause and moving force behind the violation of the Plaintiff's constitutional rights.

129.    If Sheriff González and Harris County had investigated, retrained, disciplined, and supervised their deputies after prior unconstitutional conduct, Plaintiff would not have suffered violations of their rights.

130.    HCSO deputies, like employees in any other workplace, are influenced by the presence, or absence, of meaningful disciplinary consequences.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 29 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

Deputy

 CON 2316310|35776032



131.  When there is a clear threat of discipline for violating policies, employees are more likely to follow the rules, according to experts.

132.  Conversely, when there is little to no risk of disciplinary action, employees are more likely to disregard established policies, including constitutional requirements.

133.  The same principle applies to HCSO deputies: the lack of accountability or enforcement of departmental policies directly contributes to a culture where constitutional violations and misconduct are more likely to occur.

134.  There have been no policies implemented by Sheriff Gonzales and/or Harris County to review the arrest by officers and audit for probable cause or review dismissals by the court based on a lack of probable cause and follow up with discipline after training or retraining.

135.  For example, HART, RAWLTYN, had the most number of arrests by officers as a complaining witness at 82.

136.  Rawltyn Hart was previously discovered to have a "throw down" gun concealed in his squad car.

137.  He was terminated and later rehired by Ed Gonzalez.

138.  Many of these officers, like Jackson, have to be disclosed in criminal cases under Brady list disclosures, so criminally accused defendants' rights are protected.

139.  The repeated violations of the constitutional rights by the same deputies are a direct result of the failures by Harris County and its policymaker to address the unlawful actions and support a pattern and practice based on a lack of policy by Harris County to correct these unlawful actions.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 30 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

Deputy     CON-2316310|35776032



140. Even after an investigation and review of body-worn camera footage that is reviewed with the Sheriff Ed Gonzalez for approval or denial, there is no discipline, and a blind eye is turned to unconstitutional actions captured on video.

141. Officers know their unconstitutional actions will not be reviewed unless reported. There is no policy in Harris County to review body worn cameras, dash cam for surveillance footage randomly, or routinely for misconduct and respond with retraining or discipline if a violation is identified.

142. Additionally, supervisors are trained, pursuant to the HCSO policy, to review all deputies' statements on a significant incident scene and make sure the statements do not conflict before accepting the statements.

143. The officer witness statements must be approved by a supervising officer before it is accepted and is often returned to the officers to make changes to correct contradictions.

144. The HCSO supervisors have the power to destroy camera footage, and have a practice of engaging in exactly those actions then alleging the video is no longer available.

,HARRIS COUNTY, TEXAS, AND SHERIFF ED GONZALEZ,

145. Harris County and Ed Gonzalez are liable for his failure to train, supervise, or discipline his officers based on their deputies's actions. Sheriff Gonzalez failed to train TYLERE JACKSON to protect individuals, like the Plaintiff, from wrongful false arrest based on false imprisonment in violation of the 4th and 14th Amendments.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 31 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy    CON:2316310J35776032



146. Additionally, Gonzalez failed to train, supervise, or discipline his officers, like TYLERE JACKSON to refrain from racial profiling, the unlawful seizures or malicious prosecution, as a result of the sheriff's failures Mr. Walters's rights were violated.

147. Defendant Harris County is liable to Plaintiff as a result of the policy and practice of unlawful arrest. In addition Harris County failed to protect Plaintiff and his son from violation of the Fourth and Fourteenth Amendments.

148. Specifically, Defendant Harris County by and through its agents, staff, officers, or employees, violated Plaintiff's constitutional rights to be free from unreasonable seizures, malicious prosecution and racial profiling by causing harm to Plaintiff as a result of the unlawful violations. He was forced to go to jail and deprived of medical care causing mental anguish.

149. Defendant Harris County's policymaker, Sheriff Gonzales, acting under the color of state law and within the scope of its responsibilities and/or employment and authority, intentionally and with conscious, callous, deliberate indifference deprived Plaintiff of his constitutional rights to be free from unreasonable unlawful seizure and searches by failing to train, supervise or discipline its officers.

150. As such, Plaintiff sues Harris County and its policymaker, Sheriff Gonzalez, as a state actor acting under the color of law, pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's liberty and freedom interests.

**Ratification by Harris County and Pattern/ Practice of Arrest without Sufficient Evidence or Probable Cause**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 32 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ **Deputy**


CON:2316310|35776032



151. Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive and with regard to all causes of action.

152. Plaintiff had his rights violated due to the policies, practices, customs, and procedures of Harris County.

153. Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and encouraging arrests without probable cause.

154. No person was adequately disciplined or reprimanded after the investigation of this incident, thereby ratifying the conduct set forth above.

155. Harris County either determined that there was partial misconduct and violation and just a menial error occurred or failed to investigate and excuse unlawful arrests.

156. Defendant Harris County and its deputies have a pattern and practice of using unlawful arrest specifically with its deputies acting as complaining witnesses and failing to protect them from the use of unlawful arrests, malicious prosecution and false imprisonment.

157. Harris County and Gonzalez failed to train and supervise its agents, staff, officers, and employees after prior past unreasonable, unconstitutional conduct that resulted in a culture of emboldened behavior.

158. This includes TYLERE JACKSON who based on this behavior of unlawful arrest herein likely had a history of complaints.

159. Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and failing to discourage its agents, staff, officers, and employees not to arrest individuals without probable cause.

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 33 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy     CON:2316310|35776032



160.    Defendant's policies, practices, and/or customs were a moving force in causing the unconstitutional conduct alleged herein. Plaintiff intends to show that there was a failure to supervise and correct the wrongful and illegal behavior of its agents, staff, officers, and employees; there was a culture of silence and tolerance of such conduct, and there was a failure to train to result in false arrest.

### V. ATTORNEY'S FEES

161.    Plaintiff is entitled to recover attorney's fees and costs to enforce his constitutional rights under 42 U.S.C. § 1983, 1985, and 1988 from Defendant.

### VI. DAMAGES

162.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Defendants' acts as described herein.

163.    Plaintiff suffered loss, and to endure anxiety, resulting in mental anguish and damages more fully set forth below.

164.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff have incurred the following damages:

> a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of their mental injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;
>
> b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 34 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ Deputy     CON.2316310|35776032



c. Mental anguish in the past and Mental anguish in the future;

d. Punitive damages.

## PRAYER

Plaintiff respectfully requests that this Court enter judgment in his favor and award:

1. Compensatory damages for economic and non-economic harm

2. Punitive damages against individual defendants for egregious conduct;

3. Declaratory relief finding Defendants' conduct unconstitutional;

4. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

5. Pre- and post-judgment interest as allowed by law;

6. Any such other relief as the Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

> Respectfully submitted,
> By:/s/ U.A. Lewis
> U.A. Lewis
> SBN: 24076511
> FBN: 1645666
> The Lewis Law Group
> P.O. Box 27353
> Houston, TX 77227
> Phone: (713) 570-6555
> Fax: (713) 581-1017
> MyAttorneyAtLaw@gmail.com
> Attorneys for Plaintiffs

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 35 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ **Deputy**  CON:2316310|35776032



**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 105178571
Filing Code Description: Petition
Filing Description:
Status as of 9/4/2025 1:17 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| office@thelewislaw.com office@thelewislaw.com | | office@thelewislaw.com | 9/4/2025 12:10:27 AM | SENT |

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

---

A Certified Copy - Page 36 of 36
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____ **Deputy**

 CON 2316310J35776032



JT199410                CH2



# OFFICE OF TENESHIA HUDSPETH
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

Docket Number: 1259060
Receipt Number: CL-2025-506212    Date: 11/07/2025    Sheriff/Constable Fee: $85.00

DAVID WALTERS
**Plaintiff**
VS.
TYLERE JACKSON, ET AL
**Defendant**

In The County Civil Court at Law No. 2
201 Caroline #517
Houston, Houston 77002

## THE STATE OF TEXAS
## ORIGINAL PETITION CITATION

To:    HARRIS COUNTY TEXAS
       C/O LINA HIDALGO
       1001 PRESTON ST, SUITE 911
       HOUSTON, TEXAS 77002

*Served @ 2:32 PM on 11/10/25*

Attached is a copy of petition.
This instrument was filed on the **4th day of September, 2025**, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 7th day of November, 2025

(Seal)

Teneshia Hudspeth, County Clerk
County Civil Court at Law No. 2
201 Caroline, Suite 300
Harris County, Texas 77002

Matthew Simmons
Deputy County Clerk

Requested
By:

U A LEWIS
THE LEWIS LAW GROUP
PO BOX 27353
HOUSTON TX 77227

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 274-1374

Form No. H01029 (Rev. 08/29/2016)          WWW.CCLERK.HCTX.NET          Page 1 of 1

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 1 of 3
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas

Jonny Le

_____ Deputy



CON:2316310|36051216

**OFFICER'S RETURN**

Came to hand on _____, at _____ o'clock ___.M. and

executed in _____ County, Texas, by delivering to each of the within named Defendants, in
person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit:

| NAME | DATE | | | TIME | PLACE OR ADDRESS OF SERVICE |
|------|------|----|------|------|------------------------------|
| | Month | Day | Year | Hour / Min. - AM/PM | |
| | | | | | |
| | | | | | |
| | | | | | |

and not executed as to the Defendant _____

_____

the diligence used in finding said Defendant , being _____

_____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said Defendant , being: _____

_____

_____ (Sheriff)

(Authorized Person)                                                                                       (Constable)
Sworn to and subscribed before me this _____ day _____ County, Texas

of _____

                                               By _____, Deputy

(Notary Public)

_____

**RETURN FOR NOTICE TO SERVE NON-RESIDENT DEFENDANT**

STATE OF _____ §

COUNTY OF _____ §

Before me, the undersigned authority, personally appeared _____,

a person competent to make oath, and who by me being duly sworn, deposes and says; that this notice came to hand on _____

_____, at _____ o'clock A.M./P.M., and executed by delivering

to defendant, _____, in person, at _____

in _____, County _____, State of

_____, on _____, at _____ o'clock

A.M./P.M., a true copy of the notice, with a copy of plaintiff's petition attached thereto. He further says that he is in no manner interested in this Suit.

_____

Sworn to and subscribed before me,

_____,

_____ (Sheriff)

                                                                                   (Constable)

_____, County,

State of _____

                                               By _____ Deputy

Form No. H-01-28 (Rev. 08/01/2011)

_____

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 2 of 3
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas


Jonny Le

_____  **Deputy**

 CON.2316310|36051216



### Constable Return of Individual

Cause #: <u>1259060</u>                                            Tracking #: <u>J7199410</u>

In the case of <u>DAVID WALTERS</u> VS <u>TYLERE JACKSON, ET AL</u> a <u>CITATION</u> and attached <u>ORIGINAL PETITION</u> was issued by the <u>County Civil Court 2</u> court of <u>HARRIS</u> County, TX and came to hand on the <u>10</u> day of <u>November</u>, <u>2025</u> at <u>8:26AM</u> to be delivered at <u>1001 PRESTON ST SUITE 911</u>, <u>HOUSTON</u>, Tx <u>77002</u> by delivering to: <u>HARRIS COUNTY TEXAS C/O LINA HIDALGO</u>

**(Attempted service at 1001 PRESTON ST, SUITE 911, HOUSTON, Tx, 77002 unless otherwise noted.)**

| Date | Time | Deputy Name | Agency | Service Attempt Type | Attempted Address | Remarks |
|------|------|-------------|--------|---------------------|-------------------|---------|
| 11/10/2025 | 2:32:00 PM | TINA CARROLL | 1 | SERVED | 1001 PRESTON ST SUITE 911 HOUSTON Tx 77002 | PAPERS WERE SERVED TO HARRIS COUNTY PARALEGAL SHARON WHIGHAM ON BEHALF OF HARRIS COUNTY JUDGE LINA HIDALGO. |

### Service of Individual

Executed in <u>Harris</u> County, Texas by delivering to each of the within name defendant by <u>personal service</u> ; a true copy of this <u>CITATION</u> together with the accompanying copy of the <u>ORIGINAL PETITION</u>, at the following times and places:

| Name | Date | Time | Full Address of Service |
|------|------|------|------------------------|
| HARRIS COUNTY TEXAS C/O LINA HIDALGO | 11/10/2025 | 2:32PM | 1001 PRESTON ST SUITE 911 HOUSTON Tx 77002 |

Fee Due $ <u>85.00</u>

by Deputy <u>TINA CARROLL - LC42</u>
<span style="margin-left:2em">Printed</span>

Deputy Signature   *T. Carroll*

Attempts:   <u>1</u>

Total Attempts:   <u>1</u>

**Alan Rosen , Constable Precinct #1**
**Harris County Texas**
1302 Preston, 3rd Floor
Houston Texas 77002
7137555200





FILED
2025 NOV 12 AM 8: 17
COUNTY CLERK
HARRIS COUNTY, TEXAS

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 3 of 3
Attest: 11/13/2025
**Teneshia Hudspeth, County Clerk**
Harris County, Texas

Jonny Le

_____ Deputy

CON:2316310|36051216