# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID WALTERS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-05924 |
| | § | |
| HARRIS COUNTY, TYLERE JACKSON, | § | |
| AND SHERIFF ED GONZALEZ | § | |
| *Defendants.* | § | |

## DEFENDANT HARRIS COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Defendant HARRIS COUNTY ("Harris County") files this reply to Docket Entry 12, Plaintiff's response to the Motion to Dismiss (Dkt. 9) under Fed. R. Civ. P. 12(b)(6), and would respectfully show the Court as follows:

### I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This civil rights lawsuit stems from an arrest for aggravated assault that occurred on July 13, 2024, in which the Plaintiff was arrested and accused of threatening Aurelio Galaviz with imminent bodily injury by using and exhibiting a deadly weapon, namely, a firearm.

2. On January 22, 2026, Defendant Harris County filed its 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted against the County. (Dkt. 9).

3. On February 12, 2026, Plaintiff filed his response in opposition to Defendant Harris County's Motion to Dismiss. (Dkt. 12).

1

4. Defendant Harris County files this Reply in Support of the Motion to Dismiss for failure to state a claim upon which relief can be granted.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff fails to state a claim upon which relief can be granted against Harris County.

5. Plaintiff's response to Harris County's Motion to Dismiss (Dkt. 9) does not address nor overcome the pleading deficiencies outlined in Harris County's motion to dismiss. Plaintiff's complaint still fails to state a claim upon which relief can be granted, and thus, this court should dismiss the complaint as a matter of law. See Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)( a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim") *See Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001)(dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief).

6. Plaintiff's response also fails as it does not plausibly identify an actual constitutional violation. For a municipality to be liable under §1983, there must be an underlying constitutional violation. See *Pineda v City of Houston*, 291 F3d 325, 328 (5th Cir 2002). Yet, Plaintiff's response only argues that there was a lack of indictment without addressing an actual constitutional violation.

7. Because a neutral magistrate made a probable cause determination and because Plaintiff does not plausibly allege facts to defeat the independent intermediary doctrine, Plaintiff has not stated a viable Fourth Amendment violation. Without any plausible

constitutional violation, there can be no Monell liability as a matter of law. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

8. **Monell Claim.** To defeat dismissal of a §1983 claim against Harris County, Plaintiff must plead facts that establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cty., Texas* 948, F.3d 281, 285 (5th Cir. 2020)(citing *Piotrowski*, 237 F.3d at 578-79); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018). Plaintiff has not met this pleading standard and thus, has failed to state a claim upon which relief can be granted.

9. A municipality is liable only for acts directly attributable to it "through some sort of official action or imprimatur;" *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001). To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to official municipal policy." See *Monell*, 436 U.S. at 691, 98 S.Ct. 2018.

10. Additionally Plaintiff's reliance on *Peterson v. City of Forth Worth*, 588 F.3d 838 (5th Cir. 2009), highlights why his Monell allegations fail. In *Peterson*, the Fifth Circuit held that twenty-seven excessive force complaints over a four-year period were insufficient to establish a pattern of excessive force. *Id* at 851. The court emphasized that the incidents did not suggest a pattern "so common and well-settled as to constitute a custom that fairly represents municipal policy". *Id*. at 852.

11. Here, Plaintiff offers a list of dismissed cases but fails to illustrate any factual similarities between those cases and his own. As Plaintiff admits in his response the pattern requirement under Monell is fact-intensive. (Dkt. 12, pg. 16). Under *Peterson*, these

3

allegations are insufficient to plausibly plead a widespread custom or deliberate indifference. Accordingly, Plaintiff's Monell claim fails as a matter of law.

12. **No Official Harris County Policy or Custom.** Plaintiff fails to identify a policy or custom that was the moving force behind his injuries. Plaintiff's allegations that Harris County has a policy and practice of "allowing officer-initiated felony charges without oversight; failing to enforce probable cause requirements; permitting charges to proceed without evidentiary support" (Dkt. 12, pg. 16) is not supported by sufficient plausible facts.

13. To proceed beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation … cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). A plaintiff must show a "pattern of abuses that transcends the error made in a single case." *Piotrowski v. City of Houston*, 237 F.3d 567, 582 (5th Cir. 1984).

14. Plaintiff does not identify any specific facts that plausibly suggest Harris County acted with deliberate indifference in creating a policy or custom that was the moving force behind Plaintiff's alleged constitutional injuries. Simply put, this statement is insufficient to address actual policies employed by Harris County.

15. Furthermore, Plaintiff has not established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a county policy. In Plaintiff's Response to Defendant's Motion to Dismiss, he states that he alleges more than one isolated incident. He alleges repeated dismissals, failure to discipline and ratification… that is sufficient to

plausibly plead a custom" (Dkt. 12 p. 17). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss". *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002). Not only has Plaintiff failed to show an official written policy, but has also failed to show a pattern or custom, which would represent the policy. Thus, Plaintiff's claim against Harris County fails and must be dismissed.

16. **Failure to Train Claim Is Insufficient**. Other than pure speculation Plaintiff has failed to allege any facts to link the purported inadequate or deficient training to alleged injuries and failed to allege any facts to establish a pattern of ***similar*** incidents in which citizens have been injured as a result. *See Connick*, 563 U.S. at 62. Again, threadbare allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002). Thus, Plaintiff's failure to train claim must be dismissed. The claims are vague and conclusory.

17. Plaintiff does not identify any specific deficiency in Harris County's training program. He does not allege what training was lacking or how policymakers were on notice of a pattern of constitutional violations. Conclusory allegations of failure to train are insufficient. Plaintiff's allegations do not show a failure to train.

   **B. Probable Cause Existed to Arrest Plaintiff.**

18. Plaintiff attempts to avoid the independent intermediary doctrine by arguing probable cause is a "fact question" and suggesting that dismissal of charges means officers lacked of probable cause to arrest Plaintiff. Plaintiff's arguments fail as a matter of law.

19. Under the independent-intermediary doctrine, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for the Fourth Amendment violation." *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011). Under this doctrine, "even an officer who acted with malice ... will not be liable if *the facts* supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision 'breaks the causal chain' and insulates the initiating party." *Buehler v. City of Austin/Austin Police Dep't,* 824 F.3d 548, 553–54 (5th Cir. 2016) quoting *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988). **The rule applies even if the intermediary acted after the arrest.** *Buehler v. City of Austin/Austin Police Dep't,* 824 F.3d 548, 553–54 (5th Cir. 2016). In this case, the probable cause determination by a magistrate judge, is applicable, and any claims that Plaintiff was arrested or prosecuted without probable cause cannot survive. (Although the independent-intermediary rule is often articulated in terms of probable cause for arrest because most of the cases involve false-arrest claims, the independent-intermediary doctrine also applies to Plaintiff's claims of malicious prosecution. See *Trevino v. Iden*, 79 F.4th 524, Fn 4 (5th Cir. 2023) citing *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004)). Under the Independent Intermediary Doctrine, Plaintiff's claims in this case fail as a matter of law.

20. In Plaintiff's Response he does not plausibly allege that the magistrate was misled, false information was knowingly supplied, or exculpatory facts were intentionally withheld. Instead, Plaintiff alleges that the officer later made a statement that "there was

no evidence." This does not plausibly negate the existence of probable cause at the time of the arrest, nor does it establish that a magistrate's determination was affected by the officer.

21. **A Grand Jury Indictment is Not Required.** Plaintiff argues that because the case was not presented to a grand jury probable cause did not exist to arrest him. This argument is incorrect. The Fourth Amendment does not require a grand jury indictment before an arrest. An arrest is constitutionally valid if supported by probable cause and probable cause may be established through a warrant issued by a magistrate or a warrantless arrest. See *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)(holding that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest").

22. Plaintiff argues that only a grand jury can determine probable cause in felony cases and without an indictment there is no probable cause, but this is incorrect. The constitutional question is whether probable cause existed at the time of the arrest. Because a neutral magistrate made that determination here, the absence of a grand jury indictment does not support a plausible Fourth Amendment violation claim.

23. **Dismissal for Lack of Evidence does not mean Lack of Probable Cause**. Plaintiff repeatedly states that the dismissal is based on a constitutional violation. This is incorrect. Plaintiff cannot rely on any arrest where the State dismissed the case for lack of evidence because there was still probable cause for the arrest. The Constitution does not guarantee the only the guilty will be arrested. *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979).

24. The vast majority of the arrests Plaintiff identified cannot be used to establish a pattern or practice of illegal arrests. If the State dismissed a case for lack of evidence that

is not the same as lack of probable cause. As many courts have stated, there are two different standards. One for arrest and one for conviction. See, e.g. *Florida v. Harris*, 568 U.S. 237, 243-44 (2013), *U.S. v. Brown*, 941 F.2d 1300, 1302 (5th Cir. 1991).

25. Defendant asserts the affirmative defense of the independent intermediary rule. Any conclusory allegations made by Plaintiff that no probable cause existed for Plaintiff's arrest are contradicted by the fact that a neutral magistrate made an independent determination of probable cause.

    C. **The Court May Consider Judicially Noticeable Public Records**.

26. Plaintiff argues that the Court cannot consider charging documents or a magistrate's probable cause determination at the motion to dismiss stage. That position is inconsistent with controlling Fifth Circuit authority. The Fifth Circuit has held that a court ruling on a Rule 12(b)(6) motion may rely on matters of public record and documents subject to judicial notice without converting the motion into one for summary judgment. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

27. In this case, any conclusory allegations made by Plaintiff that no probable cause existed for Plaintiff's arrest are contradicted by judicially noticeable public records that establish that an investigation occurred, that there was a complaining witness, namely Aurelio Galaviz, and that a neutral magistrate made an independent determination of probable cause based on a sworn complaint identifying a complaining witness.

28. A court "may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). A "court may judicially notice a fact that is not subject to reasonable dispute

because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

29. The court may take judicial notice of matters of public record and also take into account matters referenced in and attached to the plaintiff's complaint, without converting a motion to dismiss to a motion for summary judgment. See *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir.2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); see also *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). Moreover, by taking judicial notice of facts not subject to reasonable dispute, a Court does not convert a motion to dismiss into a motion for summary judgment. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." (citation omitted).

30. Specifically, the Court may take judicial notice of publicly available records associated with the underlying criminal matter in this case, Cause No. 187650701010, the *State of Texas v Walters, David*, in the 176th District Court, Harris County Texas. For the Court's reference the following documents are attached in Defendant's Motion to Dismiss: the charging complaint, (Dkt. 7-1) the probable-cause determination made by a magistrate judge (Dkt. 7-2), and the motion to dismiss and dismissal of complaint. (Dkt. 7-3).

31. These documents show that contrary to Plaintiff's allegations in his Response, there was a complaining witness in this case, there was a probable cause determination made by

9

a magistrate judge, and the case was dismissed due to the unavailability of a witness, not due to lack of probable cause.

## III. CONCLUSION

For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Harris County. Plaintiff does not plausibly allege an underlying constitutional violation. Because there are no viable constitutional violations, Harris County cannot be liable. Accordingly, Harris County is entitled to dismissal of Plaintiff's claims as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY requests that the Court grant its motion and enter an order dismissing Plaintiff's claims, award costs and attorneys' fees and grant all other relief to which Defendants are entitled.

Date: February 20, 2026.

                    Respectfully submitted,

By:   */s/ Susannah Mitcham*
      **SUSANNAH MITCHAM**
      Assistant County Attorney
      ATTORNEY-IN-CHARGE
      Texas State Bar No. 24107219
      Federal ID No. 3640160
      Phone: (713) 274-5193 (direct)
      susannah.mitcham@harriscountytx.gov

      **JOSHUA GREEN**
      Assistant County Attorney
      ATTORNEY TO BE NOTICED
      Texas Bar No. 24080915
      Federal Bar No. 1428074

Telephone: (713) 274-5229 (direct)
joshua.green@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Street
Houston, Texas 77002

**ATTORNEYS FOR HARRIS COUNTY**

**CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

/s/Susannah Mitcham
SUSANNAH MITCHAM